UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAMERON E. GRANT,

                Plaintiff,

- against -

CITIBANK (SOUTH DAKOTA), N.A., CITIBANK, N.A., CITIGROUP, INC., THE STUDENT LOAN CORPORATION and SALLIE MAE, INC.,

                Defendants.

10-CV-02955 (SHS)(KNF)

**DECLARATION OF CONCEPCION A. MONTOYA**

      I, CONCEPCION A. MONTOYA, an attorney duly admitted to the bar of this Court, declare pursuant to 28 U.S.C. § 1746 and under penalty of perjury under the laws of the United States of America, that the following statements are true and correct:

      1.    I am a member of Hinshaw & Culbertson, LLP, attorneys for Defendant SALLIE MAE, INC. ("Sallie Mae") in this lawsuit. I have reviewed the pleadings and our files in this matter and, based on our analysis of the same, I am familiar with the facts set forth herein.

      2.    I submit this declaration in support of Defendant Sallie Mae's motion for sanctions against Plaintiff, Cameron E. Grant ("Grant") and his counsel, Jerome Shuman, pursuant to Rules 11(c) of the Federal Rules of Civil Procedure, for filing a frivolous and unwarranted Second Amended Complaint resulting in needlessly increasing the cost of litigation.

      3.    A true and correct copy of the SAC, dated January 10, 2011, is annexed hereto as Exhibit 1.

      4.    On April 6, 2010, Plaintiff initiated this action by filing the Complaint, dated March 3, 2010 (Docket Entry No. 1).

      5.    The Defendants CITIBANK (SOUTH DAKOTA), N.A., CITIBANK, N.A., CITIGROUP, INC. and THE STUDENT LOAN CORPORATION (collectively, the "Citibank

- 2 -

Defendants") filed their Answer on or about April 13, 2010 (Docket Entry No. 4)and the action proceeded to discovery (Docket Entry No. 5).

6. On or about September 22, 2010, the Citibank Defendants moved for summary judgment (Docket Entry No. 18).

7. On December 20, 2010, Plaintiff filed the First Amended Complaint (Docket Entry No. 32).

8. Prior to being joined in the action, Sallie Mae spent an inordinate amount of time trying to explain the loan accounts to Plaintiff, and his counsel.

9. Plaintiff was provided all relevant documentation, and an opportunity to ask any question. Once all those questions were satisfied, Plaintiff nonetheless persisted with his claims.

10. Defendants' correspondence were routinely forwarded by Plaintiff's counsel Jerome Shuman to Plaintiff Cameron Grant, and Mr. Grant then communicated with his opposing parties' counsel directly.

11. Sallie Mae repeatedly advised Plaintiff that it did not wish to speak to a represented party directly, but the direct communications persisted.

12. Subsequently, both Mr. Shuman and Plaintiff represented to counsel that Plaintiff is well aware of the implications of communicating with counsel directly notwithstanding the fact that he is represented by counsel.

13. On January 10, 2011, Plaintiff thereafter filed the Second Amended Complaint (Docket Entry No. 36).

14. On January 31, 2011, Defendants filed their Motions to Dismiss the Second Amended Complaint (Docket Entry Nos. 38 and 41).

130058601v1 63898

- 3 -

**WHEREFORE,** it is respectfully requested that the Court grant Defendant Sallie Mae, Inc.'s motion for sanctions, including fees and costs.

Dated: New York, New York
February 4, 2011

                                                                  Concepcion A. Montoya (CM-7147)

130058601v1 63898