UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CAMERON E. GRANT

                              Plaintiff,

                    v.

CITIBANK (SOUTH DAKOTA), N.A.,
CITIBANK, N.A.,
CITIGROUP, INC.,
THE STUDENT LOAN CORPORATION, and
SALLIE MAE, INC.

                              Defendants.
-------------------------------------------------------------X

Civil Action No.
1:10-CV-02955 (SHS) (KNF)

**DECLARATION**

      I, Jerome Shuman, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the foregoing is true and correct:

    1.    I am counsel for the Plaintiff herein.

    2.    I submit this Declaration in opposition to the motion of Sallie Mae, Inc ("Sallie Mae") for sanctions pursuant to Fed. R. Civ. P. 11(b).

**PRELIMINARY STATEMENT**

    3.    Sallie Mae's motion for Rule 11(b) sanctions is the latest in a series of efforts by the Defendants to delay and prolong an adjudication on the merits of what should be an exceedingly simple legal dispute. Plaintiff received student loans from the Defendants, and the Defendants charged interest and fees on those loans. Plaintiff commenced this action based on allegations that the Defendants charged interest and fees that were either not authorized by the loan documents, or were illegal under applicable law.

    4.    Resolving Plaintiff's claims should involve nothing more than the identification of relevant loan documents, and a comparison of the fees actually charged against the fees authorized. But rather than producing the loan documents and evidence of the fees assessed in

1

connection with Plaintiff's loans, the Defendants have chosen to defend their position through motion practice, and have now attempted to dispose of Plaintiff's claims for a second time, in the absence of a complete record, and without providing any indication of the amount of fees and interest they charged to Plaintiff.

5. As set forth more fully below, general counsel for Sallie Mae was particularly arrogant in refusing to acknowledge any possibility that Sallie Mae might have made any error in the administration of Plaintiff's loans. Rather than making any genuine effort to understand the basis for Plaintiff's claims, Sallie Mae imposed a condition on any additional discussions, that the complaint must be dismissed as to Sallie Mae. As set forth herein, it is the Defendants, not Plaintiff, who have been unreasonable in their failure to consider Plaintiff's claims.

## ARGUMENT

### A. The factual basis for Plaintiff's claims

Sallie Mae argues that sanctions are warranted in this action because "no reasonable inquiry was conducted [by Plaintiff]," and because "Sallie Mae spent an inordinate amount of time trying to explain the accounts in question to Plaintiff, and his counsel." Contrary to these assertions, which are improperly contained in the declaration of Concepcion A. Montoya, who did not become involved in this case until after the relevant communications occurred, it is Sallie Mae, not the Plaintiff who frustrated Plaintiff's efforts to resolve his claims out of court.

As set forth at paragraph 21 of the Affidavit of the Plaintiff in opposition to Sallie Mae's motion to dismiss (docket entry No. 49), Plaintiff first attempted to investigate his claims before even filing this action against Sallie Mae, by requesting copies of his loan documents. It was only after Sallie Mae failed to provide them that the First Amended Complaint was filed, naming Sallie Mae as a defendant.

Incidentally, the filing of the First Amended Complaint (which contains the allegations Sallie Mae contends are frivolous), was expressly authorized by Judge Fox in his Memorandum and Order dated December 6, 2010. Sallie Mae now contends that the complaint against them should not only be dismissed, but that Plaintiff should be sanctioned for having refused to withdraw a pleading the Court authorized Plaintiff to file.[1]

Following the filing of the First Amended Complaint on December 20, 2010, I received an e-mail on Monday, December 27, 2010, from Zoe C. Scharff, who identified herself as Assistant General Counsel to Sallie Mae. Ms. Scharff stated that Sallie Mae did not "intend to engage in a significant amount of 'free' discovery," but enclosed documents she contended reflected the terms of Plaintiff's loans.[2] In response, I sent an e-mail to Ms. Scharff on December 30, 2010, which stated in part:

> Although the applications you provided are relevant to the claims, more information is needed. For example, we cannot determine based solely on the applications when interest was capitalized, or pursuant to which provision(s). We would consent to an extension of Sallie Mae's time to respond to the complaint, to provide time to determine whether the claims can be resolved.

Ms. Scharff responded to my December 30 e-mail by providing a spreadsheet summarizing interest that was capitalized in connection with Plaintiff's loans (the spreadsheet

---

[1] The Second Amended Complaint is virtually identical to the First Amended Complaint, and differs only in that an additional cause of action is included, for deceptive consumer practices.

[2] In her e-mail Ms. Scharff reserved any objection based on Federal Rule of Evidence 408. That rule does not bar the Court's consideration of Ms. Scharff's e-mails in opposition to Sallie Mae's motion for sanctions, for several reasons. First, the e-mails do not fall under FRE 408, because the statements were not furnished in the context of "compromise negotiations regarding the claim." As set forth herein, the e-mails conveyed Sallie Mae's intention *not* to compromise. Second, the e-mails are not being introduced to prove Sallie Mae's liability, but to demonstrate the inquiry made by Plaintiff, and to rebut Sallie Mae's argument that Plaintiff should be sanctioned. Finally, to the extent the e-mails would otherwise have been excludable, Sallie Mae has waived any objection based on Federal Rule of Evidence 408, by placing at issue the question of Plaintiff's investigation of his claims, and Sallie Mae's response thereto.

appeared to have been prepared solely for the purpose of our discussion). As has been the case throughout this litigation, the information provided by Ms. Scharff raised more questions than answers. By way of example, the spreadsheet indicated that Plaintiff applied for a loan from Sallie Mae in August 2005 (referred to as Loan No. 2), in the amount of $28,567.[3] However, the spreadsheet indicated that Sallie Mae considered the original principal balance of that particular loan to be $31,051.09, which is 8.69% greater than $28,567.

Although the loan documents provided by Sallie Mae contain provisions purporting to authorize the assessment of fees, and in some cases the capitalization of interest, nowhere does the application for Loan No. 2 authorize the assessment and capitalization of an 8.69% fee immediately following disbursement. The 8.69% fee assessed to Loan No. 2 is one of the bases on which Plaintiff has continued to allege that Sallie Mae has assessed interest and fees without authorization, and is an example of why Plaintiff has refused to withdraw his claims against Sallie Mae. To date, Sallie Mae has failed or refused to identify which provision of the loan application for Loan No. 2 they rely upon for the assessment of the 8.69% fee assessed immediately following disbursement.

Following my review of the information provided by Ms. Scharff, I attempted to further engage Ms. Scharff in a dialogue about the particular charges and fees that raised concerns. Sallie Mae was wholly unwilling to engage in any further dialogue. On January 5, 2011, and in response to an e-mail regarding the discrepancy between the "original principal" of the loans and the amount actually disbursed, Ms. Scharff sent the e-mail attached hereto as Exhibit 1 (the

---

[3] The application provided by Ms. Scharff appears identical to the application attached to the Montoya Declaration in support of Sallie Mae's motion to dismiss at Exhibit 3 (referred to as the promissory note for Loan 2).

"Scharff E-mail"). In that e-mail, Ms. Scharff imposed a condition that no further discussions would proceed unless Plaintiff dismissed this action against Sallie Mae.

Contrary to the allegations in the Scharff E-mail, Plaintiff was not "attempting to stall and prejudice [Sallie Mae's] ability to move to dismiss [the complaint] while [Plaintiff went] fishing to formulate a viable theory to amend [the] Complaint." Plaintiff had simply asked (as he had done months prior to commencing this action against Sallie Mae) for an explanation of the amounts charged, and under which provisions of the loan documents such charges were authorized. Sallie Mae was unwilling or unable to provide this information, so Plaintiff proceeded to file the Second Amended Complaint.

Despite having frustrated Plaintiff's attempts to conduct an inquiry regarding his claims, Sallie Mae has now moved to dismiss Plaintiff's claims for failure to conduct a reasonable inquiry. Sallie Mae's primary argument in support of its motion for sanctions is that Plaintiff's claims are frivolous because the loan documents authorize the assessment of interest and fees. But the mere fact that the loan documents authorize the assessment of certain interest and fees does not mean that *any* fees assessed by Sallie Mae were authorized. A perfect example of a fee that was not authorized under the loan documents is the 8.69% fee that was assessed to Loan No. 2. Having failed to identify any provision in the alleged loan documents authorizing the fee, it is Sallie Mae, not Plaintiff, who has frustrated any effort to resolve Plaintiff's claims.

B.  <u>The legal basis for Plaintiff's claims</u>

The legal bases for Plaintiff's claims are set forth in the memoranda of law in opposition to the Defendants' motions to dismiss. Briefly, Plaintiff has alleged that Sallie Mae breached the terms of Plaintiff's loan agreements by assessing interest and fees that were unauthorized. Plaintiff has further argued that *even if* all the fees assessed to Plaintiff were authorized under the

5

loan documents (notably, Sallie Mae has failed to provide any evidence whatsoever of the fees assessed for the Court's consideration), the loan documents are unenforceable because, among other reasons, agreements to capitalize interest are unenforceable under New York law. Plaintiff has stated valid claims under New York law, and Sallie Mae's motion should be denied.

C.      Sallie Mae may itself be sanctioned for frivolous conduct

Sallie Mae's motion for sanctions should not only be denied, but Sallie Mae's motion could itself be considered frivolous, based on: (i) Ms. Montoya's false accusations, not based on any personal knowledge, that Plaintiff failed to conduct a reasonable inquiry regarding his claims; and because (ii) Sallie Mae's motion could be found to have been brought to harass, cause unnecessary delay, or needlessly increase the costs of this litigation for Plaintiff. Plaintiff has no interest in making another motion to add to what has already been an absurd amount of motion practice for a case such as this, but notes that the Court may on its own initiative require Sallie Mae to show cause why sanctions are not warranted, pursuant to Fed. R. Civ. P. 11(c)(3).

## CONCLUSION

WHEREFORE, I request that Sallie Mae's motion for sanctions be denied.

Executed on:  New York, New York
              March 7, 2011

                                        /s/ Jerome Shuman
                                        Jerome Shuman